IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Tony L. Nelms, Sr.,**

  **Plaintiff,**      Case No. 2:24-cv-3376

 v.          **District Judge Michael H. Watson**
             **Magistrate Judge Kimberly A. Jolson**

**Direct Express,**

  **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Tony Nelms, an Ohio resident who is proceeding *pro se*, brings this action against Defendant Direct Express. This matter is before the Undersigned for consideration of Plaintiff's Motion to Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Previously, the Court ordered Plaintiff to re-submit his *in forma pauperis* application because it did not provide enough information about his employment, expenses, or income. (*See* Doc. 2). Plaintiff filed a second *in forma pauperis* motion, but the attached application provides little more detail than the first. (Doc. 5). However, in a separate motion fashioned as a response to the Court's deficiency order, Plaintiff represents that he is unhoused, receives social security disability income, and has "no money at all." (Doc. 6). In light of these representations, Plaintiff's request to proceed *in forma pauperis* is **GRANTED** (Doc. 1). All judicial officers who render services in this action shall do so as if the costs have been prepaid. 28 U.S.C. § 1915(a). Plaintiff's second request to proceed *in forma pauperis* (Doc. 5) and his Motion responding to the Court's deficiency order (Doc. 6) are both **DENIED as moot**. Having

performed an initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

I.     STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Flores*, 2014 WL 358460, at *2 (citing *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Yet, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Further, "pro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action . . . ." *Id.* The role of the court is not to "conjure

allegations on a litigant's behalf.*" Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

Plaintiff brings this action against Direct Express, a company he says is based out of Omaha, Nebraska. (Doc. 1-1 at 2). Though somewhat unclear, it appears that Plaintiff receives social security benefits directly onto a Direct Express debit card. (*Id.* at 4). But he wants to transfer his funds onto a new debit card through PNC Bank. (*Id.*). Plaintiff seemingly needs a routing number from Direct Express to do so. (*Id.* at 3–4). He says that he spoke with multiple people in Direct Express's customer service department about obtaining what he needs, but they gave him a "fake" routing number. (*Id.* at 3). Ultimately, he says Direct Express "keep[s] lying and playing head games about [his] money." (*Id.* (cleaned up)). As relief, Plaintiff asks the Court to order Directed Express to "release" his money and give him a "real" routing number so that he can transfer funds onto the new debit card. (*Id.* at 4). Alternatively, he asks that Direct Express pay him $1,200. (*Id.*).

Ultimately, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's Civil Cover Sheet cites the "the constitutionality of state statutes" and "federal employer's liability" as the underlying causes of action. As to the first, Plaintiff does not identify which state statute he alleges is unconstitutional. And even viewing his complaint generously, the Court cannot identify what state statute would apply here. As to the second, "federal employer's liability" implies Plaintiff seeks to assert a claim under the Federal Employers' Liability Act ("FELA"). But "[t]o prevail on a FELA claim, a plaintiff must prove that: (1) he was injured within the scope of his

3

employment; (2) his employment was in furtherance of the carrier's interstate transportation business; (3) the carrier was negligent; and (4) the carrier's negligence played some part in causing his injury." *Gaston v. Norfolk S. Ry. Co.*, 488 F. Supp. 3d 592, 603 (S.D. Ohio 2020).  Plaintiff states no facts supporting any of those elements.  (*See generally* Doc. 1-1).  Therefore, Plaintiff fails to sufficiently allege either of these claims.

Further, even if the Court could construe Plaintiff's complaint as sufficiently alleging a state law claim, the Court would not have jurisdiction to hear it.  While Plaintiff asserts that his address is in Ohio and Direct Express is based out of Nebraska, he does not allege an amount in controversy exceeding $75,000 as required by 28 U.S.C. § 1332(a).  (Doc. 1-1); *see also Hunter v. Taylor*, No. 2:15-CV-2607, 2015 WL 6506625 (S.D. Ohio Oct. 28,2015) (adopting a magistrate judge's decision that the court lacked subject matter jurisdiction when a plaintiff's complaint failed to meet the amount in controversy requirement).  So here, the Court does not have diversity jurisdiction either.

All that said, to allow Plaintiff's claims to proceed beyond this point would be to "conjure allegations" on his behalf.  *Martin*, 391 F.3d at 714.  The Court declines to do so, and Plaintiff's Complaint should be dismissed.

### III.  CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED** (Doc. 1).  Plaintiff's second request to proceed *in forma pauperis* (Doc. 5) and his Motion responding to the Court's deficiency order (Doc. 6) are both **DENIED as moot**.  Based upon the foregoing, however, it is **RECOMMENDED** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

       IT IS SO ORDERED.

Date: July 22, 2024                       /s/Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE